DAVID LOPEZ, ESQ. DL-6779
Lead Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:      631.287.5520
Fax:     631.283.4735
e-Mail:  DavidLopezEsq@aol.com

JAMES L. HUNTER, ESQ. JH- 1910
Attorney for Plaintiff
42 Stagecoach Road
Pipersville, Pennsylvania 18947
Tel:      484.437,5935
Fax:     646.462.3356
e-Mail:  Hunter@HunterKmiec.com

MIRIAM TAUBER, ESQ. MT-1979
Attorney for Plaintiff
885 Park Avenue, # 2A
New York, New York 10075
Tel:      323.790.4881
e-Mail:  MiriamTauberLaw@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO. 21-CV-7027

DEBORAH DONOGHUE,

Plaintiff,

-Against-

ALZAMEND NEURO, INC.

Nominal Defendant,

MILTON C. AULT, III
And DIGITAL POWER
LENDING, LLC,

Defendants.

COMPLAINT
FOR RECOVERY
OF SHORT-SWING PROFITS,
UNDER 15 U.S.C. SEC. 78p(b)
[SECTION 16(b) OF THE
SECURITIES EXCHANGE ACT
OF 1934, AS AMENDED]

Jury Trial Demanded,

THE PLAINTIFF, by her attorneys above named, complaining of the defendants respectfully allege the following upon information and belief except as to paragraph 2 which plaintiffs allege on personal knowledge:

1

## JURISDICTION:

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "ACT"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by Section 27 of the ACT, 15 U.S.C. § 78aa.

## THE PARTIES AND VENUE:

2. Plaintiff is a security owner of ALZAMEND NEURO, INC. ("ALZAMEND"), a Delaware Corporation with principal offices at 3802 Spectrum Boulevard, Suite 1120, Tampa, Forida 33612..

3. At all times relevant the common stock of ALZAMEND was registered under Section 12(b) of the ACT and was and is traded on the NASDAQ Capital Markets, a national securities exchange located within this district.

4. One or more of the sale transactions to be recited herein were conducted through the facilities of the NASDAQ Capital Markets.

5. This action is brought in the right and for the benefit of ALZAMEND which is named as a nominal party defendant solely in order to have all necessary parties before the court.

6. Milton C. Ault, III ("AULT") is a natural person with principal offices c/o ALZAMEND, 3802 Spectrum Boulevard, Suite 1120, Tampa, Florida 33612.

7.  Digital Power Lending, LLC ("DIGITAL") is a limited liability company with principal offices c/o ALZAMEND, 3802 Spectrum Boulevard, Tampa, Florida 33612.

8.  At all times relevant AULT and DIGITAL were more-than-10% beneficial owners of ALZAMEND and thereby each was a so-called 'insider' as that term is understood within the meaning of Section 16(b) of the ACT.

9.  AULT and DIGITAL each sold no fewer than 1,600 shares of ALZAMEND common stock between June 15, 2021, and July 7, 2021, through the facilities of the NASDAQ Capital Markets LLC or through dark pools and other market facilities located within the district.

**STATUTORY REQUISITES:**

10.  The violations of Section 16(b) of the ACT to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the ACT.

11.  Demand for prosecution was made on ALZAMEND on June 23, 2021. By E-Mail dated August 18, 2021, Thomas J. Fleming of Olshan Frome Wolosky, counsel acting for ALZAMEND, informed Plaintiff's counsel that ALZAMEND will not be taking any action to recover. Further delay by the Plaintiff in the initiation of suit would be a futile gesture.

12.  This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports

required by 15 U.S.C 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

13. All that has been pled before is realleged.

14. On or about March 9, 2021, AULT and DIGITAL, while more-than10% beneficial owners of ALZAMEND, purchased 1,333,333 shares of the common stock and warrants to purchase 666,667 additional shares of ALZAMEND common stock at a price of $1.50 per share and one-half warrant.

15. Within less than six months of each purchase, AULT and DIGITAL made the following open market sales of shares of ALZAMEND common stock:

| Date | Shares | Price |
|---|---|---|
| 06/17/21 | 500 Shares @ | $ 10.80 |
| 06/29/21 | 300 Shares @ | 10.06 |
| 06/18/21 | 500 Shares @ | 9.52 |
| 07/15/21 | 300 Shares @ | 6.92 |
| Total: | 1,600 Shares | |

16. Short-swing profits were realized by AULT and DIGITAL as a result of the purchases and sales within periods of less than six months described in paragraphs 13 through 15, *supra*. Their precise amounts are unknown to Plaintiff pending discovery.

**SECOND CLAIM FOR RELIEF:**

17. All that has been pled before is realleged.

18. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

19. AULT and DIGITAL, at times not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of ALZAMEND within periods of less than six months of each other while more-than-10% beneficial owners of ALZAMEND, including but not limited to the transactions pleaded in the First Claim For Relief.

20. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while insiders of ALZAMEND, AULT and DIGITAL realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by Plaintiff on behalf, of ALZAMEND.

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring AULT and DIGITAL to account for and to pay over to ALZAMEND the short-swing profits realized and retained by them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including fair and reasonable attorneys', accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated: Southampton, New York
August 18, 2021

Yours, etc.

_/s/ Miriam Tauber_
Miriam Tauber, Esq.

_/s/ James L. Hunter_
James L. Hunter, Esq.

David Lopez, Esq.