UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DONOGHUE,<br><br>                  Plaintiff,<br><br>            -against-<br><br>ALZAMEND NEURO, INC.<br><br>              Nominal Defendant,<br><br>MILTON C. AULT, III and DIGITAL POWER LENDING, LLC,<br>                  Defendants. | Case No. 21-CV-7027<br><br>**ANSWER OF DEFENDANTS MILTON C. AULT, III AND DIGITAL POWER LENDING, LLC** |

Defendants Milton C. Ault, III and Digital Power Lending, LLC ( "Digital Power" and together, "Defendants"), by their attorneys, Olshan Frome Wolosky LLP, for their Answer to the Complaint of Plaintiff Deborah Donoghue, dated August 18, 2021 (the "Complaint"), answer and respond as follows:

1. The allegations contained in paragraph 1 of the Complaint present a legal conclusion to which no response is required.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. The allegations contained in paragraph 5 of the Complaint present a legal conclusion to which no response is required.

6. Deny the allegations contained in paragraph 6 of the Complaint, except to admit that Mr. Ault is a natural person.

7. Deny the allegations contained in paragraph 7 of the Complaint, except to admit that Digital Power is a limited liability company.

8. Deny the allegations contained in paragraph 8 of the Complaint.

9. Deny the allegations contained in paragraph 9 of the Complaint, except admit that Defendant Digital Power purchased and sold common stock of nominal defendant Alzamend Neuro, Inc.

10. Deny the allegations contained in paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint and refer the Court to the email correspondence, dated August 18, 2021, exchanged between Thomas J. Fleming, Henry Nisser, and David Lopez.

12. The allegations contained in paragraph 12 of the Complaint present a legal conclusion to which no response is required.

### AS AND FOR A FIRST CLAIM FOR RELIEF

13. Defendants repeat and reallege each and every admission and denial set forth above.

14. Deny the allegations contained in paragraph 14 of the Complaint, except admit that Defendant Digital Power purchased and sold common stock of nominal defendant Alzamend Neuro, Inc.

15. Deny the allegations contained in paragraph 15 of the Complaint, except admit that Defendant Digital Power purchased and sold common stock of nominal defendant Alzamend Neuro, Inc.

16. Deny the allegations contained in paragraph 16 of the Complaint.

## AS AND FOR A SECOND CLAIM FOR RELIEF

17. Defendants repeat and reallege each and every admission and denial set forth above.

18. The allegations contained in paragraph 18 of the Complaint present statements to which no response is required.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the sales by Digital Power do not fall within the intended scope of the statute.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Mr. Ault are barred to the extent he does not have a pecuniary interest in any alleged profit.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has no standing to prosecute this case under the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).

WHEREFORE, Defendants demand judgment in their favor, dismissing Plaintiff's Complaint with prejudice and awarding Defendants their costs incurred in defending this matter, including attorneys' fees, and such other and further relief as the Court deems just and equitable.

Dated: New York, New York
October 26, 2021

        OLSHAN FROME WOLOSKY LLP

By: */s/ Thomas J. Fleming*
Thomas J. Fleming
Theodore J. Hawkins
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300

*Attorneys for Defendants Milton C. Ault, III and Digital Power Lending, LLC*

6005487-3